■ MORTIMER J. KATZEN, Appellant, v LINA BALAJ et al., Respondents. [769 NYS2d 13]—

Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered on or about January 8, 2003, which, inter alia, denied plaintiff's motion for summary judgment, unanimously modified, on the law, to grant partial summary judgment against the individual defendants on the issue of their liability on the promissory note pleaded in the first cause of action, the matter remanded for an inquest with respect thereto, and otherwise affirmed, without costs. Order, same court (George Salerno, J.), entered on or about June 27, 2003, which, inter alia, denied plaintiff's motion for disclosure sanctions, unanimously modified, on the facts, to vacate the denial of disclosure sanctions and direct the appointment of a referee to supervise discovery, plaintiff to make any specific objections to defendants' responses within 30 days of the referee's appointment, and defendants to make specific responses to plaintiff's objections within 15 days of their receipt of the objections, and otherwise affirmed, without costs.

We grant plaintiff partial summary on the first cause of action inasmuch as the individual defendants concede their liability on the promissory note pleaded therein. At inquest, the

burden will be on plaintiff to establish the amount that was due on the note's maturity date, or any extension thereof. Once that amount is ascertained, a determination can be made as to plaintiff's entitlement to any interest and attorneys' fees, based on whether defendants can show that they made valid tender of the amount due. Summary judgment on the remaining causes of action was properly denied on the ground that an issue of fact exists as to whether the individual defendants gave plaintiff outright ownership of 10% of their corporation's stock, or merely a security interest therein. Unless and until the ownership issue is resolved in plaintiff's favor, there is no need to address whether the corporate veil of the other defendants should be pierced.

The circumstances warrant appointment of a referee to supervise disclosure. It is not clear how much further disclosure plaintiff should have. If, for example, plaintiff prevails on his ownership claim, the issue of damages will encompass rents collected and bills paid over an extended period of time. The referee shall report to the motion court on the issue of whether any sanctions should be imposed. Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.